**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MARK BONDIETT and RONALD
G. ROSSI, as individuals,

      Plaintiffs-Appellants,

v.

NOVELL, INC., a Delaware
Corporation; ROBERT J.
FRANKENBERG, ALAN ASHTON,
ELAINE R. BOND, HANS-WERNER
HECTOR, JACK L. MESSMAN,
LARRY W. SONSINI, IAN R.
WILSON, JOHN R. YOUNG
and DAVID R. BRADFORD,
as individuals,

      Defendants-Appellees.

No. 97-4054
(D.C. No. 96-CV-303J)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **BARRETT**, and **BRISCOE**, Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiffs Bondiett and Rossi appeal from the district court's order granting defendant Novell's motion to dismiss their shareholders' proxy challenge. Our jurisdiction arises from 28 U.S.C. § 1291; see United States v. Storey, 2 F.3d 1037, 1040 (10th Cir. 1993). We review a district court's dismissal pursuant to Fed. R. Civ. P. 12(b)(6) de novo, whether based on jurisdiction, see Painter v. Shalala, 97 F.3d 1351, 1355 (10th Cir. 1996), or failure to state a claim, see Chemical Weapons Working Group, Inc. v. United States Dep't of the Army, 111 F.3d 1485, 1490 (10th Cir. 1997).

Plaintiffs originally asserted claims against Novell under sections 10 and 14(a) of the Securities Exchange Act of 1934, Utah's criminal code, and the corporate law of both Utah and Delaware. Novell moved to dismiss the claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. After a hearing, the district court granted Novell's motion, dismissing the federal claims with prejudice and the state claims without prejudice. Plaintiffs now appeal, raising essentially a single argument challenging the district court's dismissal of their

section 14(a) proxy claim against Novell. Plaintiffs have waived all other issues by failing to pursue them on appeal.[1]

Initially, we address a jurisdictional issue raised by defendant Novell on appeal. Based on a provision in the 1995 Securities Reform Act, Novell contends that this court lacks appellate jurisdiction because the district court's order is not final. That provision requires district courts to make findings about the parties' compliance with Rule 11 of the Federal Rules of Civil Procedure. See 15 U.S.C. § 78u-4(c)(1). The district court in this case did not make the required findings as part of its order granting Novell's motion to dismiss.

Novell argues that the district court's order is not appealable until the required findings are made, based on the mandatory nature of the statute and the court's failure to file a judgment pursuant to Fed. R. Civ. P. 58. Further, it asserts that the issues raised by the Rule 11 inquiry are so intertwined with the issues raised on appeal that proceeding without the required findings would result

---

[1] Plaintiffs' opening brief contains two references to their section 10 claim: one asserts that they, along with other purchasing shareholders, are entitled to relief under section 10; the second asserts that the same standards of materiality apply to both sections 10 and 14. Because plaintiffs present no specific argument regarding their section 10 claim, they have abandoned that claim on appeal. See United States v. Hardwell, 80 F.3d 1471, 1492, reh'g granted in part on other grounds, 88 F.3d 897 (10th Cir. 1996). Similarly, plaintiffs present no argument on their related state claims; any issues regarding those claims are also waived. See State Farm Fire & Casualty Co. v. Mhoon, 31 F.3d 979, 984 n.7 (10th Cir. 1994).

in separate, and therefore, inefficient, appeals. We disagree. While the statute mandates Rule 11 findings "upon final adjudication," it does not require that those findings be made as part of the court's order disposing of the merits of the case. Further, Rule 11 matters are routinely decided after final judgment, often resulting in separate appeals. Compare White v. General Motors Corp., 977 F.2d 499, 500 (10th Cir. 1992) (separate appeal of sanctions orders) with Barrett v. Tallon, 30 F.3d 1296, 1298 (10th Cir. 1994) (deciding together two separate appeals from district court order, one leveling Rule 11 sanctions). We conclude that the statute does not compel a different result in this case.

Plaintiffs' single argument on appeal rests squarely on their characterization of the district court's ruling as based solely on standing. See Appellant's Br. at 16-17, 20-21. They further contend that Novell's motion to dismiss was "unsuccessful except as to result," Reply Br. at 1, that the court's ruling was not based on any argument advanced by Novell before the district court, id., and assert that the district court "made no substantive determination on the merits of the case, but held it was unable to hear the matter." Id. at 2. These arguments misrepresent both the record and the district court's ruling. While the district court discussed plaintiffs' standing, or what he termed "status" to bring a proxy challenge absent personal reliance, see Appellant's App. at 33, 38-39, it is clear from the record that the court heard argument from the parties on all of the

-4-

bases Novell urged in support of its motion to dismiss and discussed grounds other than reliance as a basis for its dismissal, including injury and causation. See id. at 33-35. Further, the district court's oral ruling expressly concludes that plaintiffs failed to state a claim and its final written order expressly grants Novell's motion to dismiss, which was based solely on Fed. R. Civ. P. 12(b)(6), and not on jurisdictional grounds. See Appellant's App. at 29.

Based on their assertion that the district court dismissed the case only because it concluded plaintiffs did not have standing to bring a section 14(a) claim against Novell absent personal reliance on the challenged proxy statements, plaintiffs argue that the dismissal was in error. They contend that personal reliance is not required to bring a section 14(a) proxy challenge. We agree. See, e.g., 7547 Corp. v. Parker & Parsley Dev. Partners, 38 F.3d 211, 230 (5th Cir. 1994). Nonetheless, because we disagree with plaintiffs that lack of reliance was the sole basis for the district court's ruling and because alternate grounds discussed at the hearing support that ruling, cf. United States v. Sandoval, 29 F.3d 537, 542 n.6 (10th Cir. 1994), we affirm the dismissal of plaintiffs' case.[2]

---

[2]     Plaintiffs obliquely contend that their suit may be a derivative action by challenging the district court's statement at the hearing to the contrary. See Appellant's Br. at 24. This argument has no merit; plaintiffs' attorney clearly conceded at the hearing before the district court that their action was not a derivative suit. See Appellant's App. at 37.

Plaintiffs' section 14(a) claim asserted that Novell omitted or misstated material facts within certain proxy materials with intent to mislead or deceive its shareholders. The challenged proxy statement called for re-election of current directors to another term and a vote on certain salary proposals. The alleged omissions and misstatements from the proxy statement dealt with prior and planned future acquisitions and asset sales, the impact of those transactions on Novell, and the financial condition of the company. On appeal, as in its motion to dismiss before the district court, Novell contends that the required transactional causation for a section 14(a) proxy claim is lacking. They argue that plaintiffs have "failed to allege any connection between the alleged misrepresentations or omissions in the Proxy Statement and any decision made at the Novell shareholders' meeting." Appellee's Br. at 11. Outside of a conclusory statement that their claims against Novell are "directly relevant" to the matters voted on at the shareholder's meeting, Reply Br. at 7, plaintiffs do not address causation on appeal. Further, the record suggests that they also failed to address this issue before the district court, despite Novell's arguments on point.[3]

---

[3] Plaintiffs did not include in their appendix on appeal a copy of their brief opposing the motion to dismiss before the district court. Novell's reply brief before the district court states that "[p]laintiffs evade most of defendant's contentions, and ignore most of the case law presented in defendant's brief." Appellee's Supp. App., Vol. II, at 245.

-6-

The Supreme Court discussed causation as an element of section 14(a)

claims in Mills v. The Electric Auto-Lite Co., 396 U.S. 375, 385 (1970):

> Where there has been a finding of materiality, a shareholder has made a sufficient showing of causal relationship between the violation and the injury for which he seeks redress if, as here, he proves that the proxy solicitation itself, rather than the particular defect in the solicitation materials, was an essential link in the accomplishment of the transaction.

Upon review of the entire record on appeal, we agree with Novell that causation under these circumstances is too attenuated to state a claim under section 14(a). None of the alleged omissions or misrepresentations in the challenged proxy statement relate to matters which were voted on at the shareholders' meeting.[4]

Case law on point supports our conclusion. For example, in General Electric Co. ex rel. Levit v. Cathcart, 980 F.2d 927 (3d Cir. 1992), the Third Circuit held that the nexus between a shareholder vote to elect board members and indemnify officers and directors and the alleged omissions from the proxy statement regarding corporate misconduct and mismanagement was insufficient to state a claim. The court said: "this is precisely the sort of claim that courts have

---

[4] The court recognizes that, at this date, appellants' equitable claims may be moot. See Buckley v. Archer-Daniels-Midland Co., 111 F.3d 524 (7th Cir. 1997); General Elec. Co. ex rel. Levit v. Cathcart, 980 F.2d 927, 934-35 (3d Cir. 1992). However, in light of our determination that plaintiffs' section 14(a) claim lacks the required transactional causation to the matters voted upon at the April 1996 shareholders' meeting, analysis of this possibility is not necessary. We also note that neither of the parties raised the issue of mootness.

repeatedly found insufficient to satisfy the transaction causation requirement." Id. at 933. In Cowin v. Bresler, 741 F.2d 410 (D.C. Cir. 1984), the District of Columbia Circuit addressed causation under similar circumstances and concluded that it was lacking because the injury alleged--continued fraudulent acts by the board of directors--"was not a direct result of the misleading proxy statement." Id. at 428. The court stressed that damages must be shown to have resulted directly from the authorized corporate transaction, rejecting a more lenient standard that would allow shareholders to file suit on "claims that have no direct relationship to the purpose of the proxy statement." Id.; see also In re Westinghouse Sec. Litig., 832 F. Supp. 948, 1000-01 (W.D. Pa. 1993) (concluding, without expressly discussing causation, that allegations of failure to disclose mismanagement of company did not state a claim under section 14(a)), aff'd in part, rev'd in part on other grounds, 90 F.3d 696 (1996); cf. Royal Business Group, Inc. v. Realist, Inc., 933 F.2d 1056 (1st Cir. 1991) (affirming district court's dismissal of action to recover expenses incurred in proxy context, ruling that plaintiffs could not contend they were harmed as shareholders by election, and noting "It is simply too much of a stretch to bring such a claim within the causative sphere required for viability under Section 14(a).").

Plaintiffs' section 14(a) claim against Novell lacks the required transactional causation and therefore fails to state a claim pursuant to

Fed. R. Civ. P. 12(b)(6).  The judgment of the United States District Court for the

District of Utah is AFFIRMED.


Entered for the Court


Wade Brorby
Circuit Judge
