**INTER–COUNTY RESOURCES, INC., Plaintiff,**

v.

**MEDICAL RESOURCES, INC., North Bronx Services Group, L.P., MRI Partners, L.P., North Bronx Resources, Inc., Equity Resources, Inc., Medical Investment Corp. of America a/k/a MRI Investment Co., MRI National Medical Investments Corporation, William D. Farrel, John P. O'Malley, and Gary Siegler, Defendants.**

No. 98 Civ. 5073(JSR).

United States District Court, S.D. New York.

May 25, 1999.

---

Marilyn Venterina, Brooklyn, NY, for plaintiff.

Patricia Hewin, NY, for defendant.

### MEMORANDUM ORDER

RAKOFF, District Judge.

On January 8, 1999, the Court dismissed this action in its entirety. *See* Order, Jan. 8, 1999. Although most claims in the case were dismissed without prejudice, plaintiff's securities fraud claim against defendants North Bronx Services Group, L.P., North Bronx Resources, Inc., and Medical Resources, Inc. ("the North Bronx defendants"), purportedly brought under Section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b–5 promulgated thereunder, was dismissed on the merits because plaintiff was concededly neither a purchaser nor a seller of the securities at issue in the claim, a basic requirement for standing to bring such a claim, *see Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 749–55, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975).

After dismissing the case, the Court, at defendant's request, conducted the review of the record mandated by 15 U.S.C. § 78u–4(c)(1), a provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") that requires courts, upon "final adjudication" of claims brought under the Securities Exchange Act, to determine whether the parties have complied with

Rule 11 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u–4(c)(1). Based on its preliminary review, the Court ordered plaintiff's counsel, Marilyn Venterina, Esq., to show cause why she should not be found in violation of Fed.R.Civ.P. 11(b)(2) for filing a Rule 10b–5 claim on behalf of a plaintiff who lacked standing. Upon hearing oral argument and reviewing the parties' extensive written submissions, the Court now concludes that plaintiff's counsel violated Rule 11 and that sanctions must be imposed.

At the threshold, plaintiff's counsel argues that § 78u–4(c) has no application here because: (1) § 78u–4(c) applies only to class actions, (2) the Court lacks jurisdiction to impose sanctions after a case is dismissed, and (3) there was no final adjudication triggering the review. None of these objections has merit.

■ As to the first objection, § 78u–4(c), unlike certain other provisions of the PSLRA that are limited to class actions, applies to "any private action" arising under chapter 78 of Title 15, United States Code (the Securities Exchange Act). *See* 15 U.S.C. § 78u–4(c) (*compare* 15 U.S.C. § 78u–4(a)(1)). Thus, there is no question that it extends to all 10b–5 claims, and not merely to class actions. *See Simon DeBartolo Group, L.P. v. Richard E. Jacobs Group, Inc.,* 985 F.Supp. 427, 430–31 (S.D.N.Y.1997).

■ As to the second objection, a court's power to impose sanctions on litigants for violations of applicable rules does not terminate upon the dismissal of a case. Rather, it is "well established that a Court may consider collateral issues after an action is no longer pending," *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 395, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).

Finally, plaintiff's third objection—that a voluntarily dismissal by the plaintiff pursuant to Rule 41(a)(1) is not a "final adjudication" triggering mandatory Rule 11 review under the PSLRA—is entirely irrelevant, since the dismissal of the securities claim against the North Bronx defendants was ordered by the Court on the merits.[1] Indeed, the Court not only stated at oral argument that the claim would be dismissed "on the merits," *see* Transcript, January 7, 1999, at 8, but also issued a written order of dismissal explicitly stating that the claim was dismissed "with prejudice" (rather than without prejudice, as would be the case with a voluntary dismissal under Rule 41(a)(1)(i)). *See* Order, January 8, 1999, at 2. Although the Clerk of the Court thereafter erroneously entered judgment stating, *inter alia,* that the 10b–5 claim was dismissed *without* prejudice, this clerical error, which contradicted the clear words of the Court's order of April 7, 1999, was subsequently corrected. *See* Amended Judgment.

■ Turning to the merits, it is settled law that only a purchaser or seller of securities has standing to bring a claim under rule 10b–5. *See Blue Chip Stamps,* 421 U.S. at 749–55, 95 S.Ct. 1917; *Birnbaum v. Newport Steel Corp.,* 193 F.2d 461, 462–63 (2d Cir.1952); *John Labatt Ltd. v. Onex Corp.,* 890 F.Supp. 235, 247 (S.D.N.Y.1995). Despite this longstanding rule, plaintiff's counsel filed a 10b–5 claim against the North Bronx defendants even though, as plaintiff's counsel now concedes, plaintiff neither purchased nor sold the relevant securities during the relevant period. Plaintiff's counsel argues that plaintiff nonetheless had standing to sue under one or more alleged exceptions to the purchaser/seller rule. This argument—never advanced when dismissal itself was being argued—finds no legal or factual support in this case.

---

1. While plaintiff's counsel also argues that the claim was never asserted against the North Bronx defendants but only against other defendants, the argument is untenable. The North Bronx defendants are explicitly named not only in the caption of plaintiff's 10b–5 claim but in the portion of the Complaint's prayer for relief relating to the 10b–5 claim. *See* Complaint at 23; *id.* ¶ 206(d).

Indeed, the precedents on which plaintiff's counsel now purports to rely are entirely inapposite. Chiefly they state the proposition that a plaintiff who is not the nominal purchaser or seller of the securities in issue may sometimes still have standing to bring a 10b–5 claim if the plaintiff is the real party in interest. *See, e.g., Benson v. RMJ Securities Corp.*, 683 F.Supp. 359, 366–67 (S.D.N.Y.1988) (trust beneficiaries have standing to bring suits based on securities held by trust); *Grubb v. Federal Deposit Ins. Corp.*, 868 F.2d 1151, 1161–62 (10th Cir.1989) (plaintiff who guaranteed loan used by holding company to purchase stock had standing as "actual party at risk"). Here, by contrast, plaintiff was essentially a bystander with respect to the purchases and sales alleged in the Complaint.

While plaintiff's counsel also advances some other, still more imaginative theories (such as a convoluted and farfetched analogy to the "forced seller" doctrine) to try to bridge the obvious gap between the standing requirements of *Blue Chip Stamps* and plaintiff's actual situation in this case, none of her theories remotely comports with either the letter or reasoning of *Blue Chip Stamps* or with the other precedents on which she relies. *See, e.g., Dudley v. Southeastern Factor and Finance Corp.*, 446 F.2d 303, 307 (5th Cir.1971); *Vine v. Beneficial Finance Co.*, 374 F.2d 627, 634–35 (2d Cir.1967). Further still, no factual allegations in the Complaint support these newly-hatched theories.

In short, plaintiff's counsel has substantially failed to comply with Rule 11(b)(2) by filing a claim that is warranted neither by existing law nor by a nonfrivolous argument for the extension, modification or reversal of existing law. *See* Fed.R.Civ.P. 11(b)(2); *Int'l Shipping Co. v. Hydra Offshore, Inc.*, 875 F.2d 388, 390–92 (2d Cir.

1989). As a result, sanctions must be imposed. *See* 15 U.S.C. § 78u–4(c)(2).

■ Under the PSLRA, the presumptive penalty in such a circumstance is "an award to the opposing party of the reasonable attorneys' fees and other expenses incurred in the action." 15 U.S.C. § 78u–4(c)(3)(A)(ii).[2] Here, counsel for the North Bronx defendants has submitted billing records demonstrating some $26,418.75 in fees and costs incurred in defending this case, *see* Affidavit of Patricia Hewitt dated March 19, 1999 ("Hewitt Aff.") Ex. B at 4. Nevertheless, the Court declines to award this entire amount, finding that plaintiff's counsel has shown that such an award would be unjust and would impose an unreasonable burden on plaintiff's counsel that is greater than the burden that failing to make the award would impose on the opposing party. *See* 15 U.S.C. § 78u–4(c)(3)(B)(i).

The 10b–5 claim was but one of five causes of action asserted against the North Bronx defendants, and the other four claims, while ultimately unavailing, were not so patently defective that the North Bronx defendants would not have been forced to properly defend against those claims in this Court. This is true even though the claims arose under state law, for plaintiff submitted its Complaint in the good faith belief that diversity existed and made a colorable—though unsuccessful—argument for repositioning the parties to create diversity when it was found lacking. Accordingly, the North Bronx defendants would have incurred most of the expenses they now seek to recover even in the absence of plaintiff's Rule 11 violation. In such circumstances, it would be unjust to require plaintiff's counsel to pay all of the expenses defendants' incurred, and such an award would impose an unreasonable burden that is greater than the burden the North Bronx defendants would suffer from

---

2. While defendants have specifically moved for an award of attorney's fees, such a motion is unnecessary under the PSLRA, *see* 15 U.S.C § 78u–4(c), in contrast with other Rule 11 situations, *see Nuwesra v. Merrill Lynch, Fenner & Smith, Inc.*, 174 F.3d 87, 94 (2d Cir. 1999).

receiving a reduced award. Moreover, as defendants concede, their costs cannot readily be apportioned between those that were required to defend against the 10b–5 claim and those that were required to defend against the other counts. *See* Hewitt Aff. ¶ 10.

Some sanction is nonetheless required, *see* 15 U.S.C. § 78u–4(c)(3)(C), "sufficient to deter repetition of [the offending] conduct or comparable conduct by others similarly situated." Fed.R.Civ.P. 11(b)(2). With these principles in mind, the Court concludes that an award of $5,000.00 is appropriate. This amount, which is approximately one-fifth of the total expenses incurred, reflects not only the fact that the violation infected one of five counts asserted against the North Bronx defendants but also, more generally, the need for deterrence and the need to award some measure of compensation to the defendants. Accordingly, Ms. Venterina is ordered to pay the North Bronx defendants $5,000.00, in the form of a money order or certified check, by no later than June 30, 1999.

SO ORDERED.