**Vincent M. DEMARCO, et al., On Behalf of Themselves and All Others Similarly Situated, Plaintiffs,**

**v.**

**DEPOTECH CORPORATION; Edward L. Erickson; Sinil Kim, et al. Defendants.**

**No. 98–CV–0675 W (POR).**

United States District Court, S.D. California.

March 2, 2001.

William S. Lerach, Jan Adler, Laura M. Andracchio, Amber L. Eck, Millberg, Weiss, Bershad, Hynes & Lerach LLP, San Diego, for Plaintiffs.

William F. Sullivan, Christopher H. McGrath, Kimberly S. Steckling, Brobeck, Phleger & Harrison LLP, San Diego, for Defendants.

## ORDER DENYING DEFENDANTS' APPLICATION TO AMEND JUDGMENT

WHELAN, District Judge.

On February 9, 2001 Defendants Depotech Corporation, et al. ("Defendants") moved *ex parte* to amend this Court's judgment dated January 26, 2001 (hereinafter "judgment"). (Doc. No. 100.) Specifically, Defendants request that this Court amend its judgment to include findings under Rule 11 of the Federal Rules of Civil Procedure. Plaintiffs timely opposed. For the reasons stated below, the Court finds that all parties have complied with Rule 11 such that amendment of the judgment is not warranted.

### I. *BACKGROUND*

On April 9, 1998 Plaintiffs Vincent M. DeMarco et al. ("Plaintiffs") initiated this class action alleging securities fraud. Specifically, Plaintiffs alleged that Defendants fraudulently manipulated the market prices of Depotech shares. On January 26, 2001, after extensive litigation which included three rounds of pleading, this Court dismissed this action with prejudice. At no point in the litigation did the Court make any Rule 11 findings. On February 9, 2001 Plaintiffs filed a Notice of Appeal.

On the same date, Defendants requested that this Court amend its judgment to make Rule 11 findings and to impose sanctions against Plaintiffs and their counsel pursuant to 15 U.S.C. § 78u–4(c)(1).

### II. *LEGAL STANDARD*

■ On a party's motion no more than ten days after entry of judgment, a district court may amend its judgment. FED. R. CIV. P. 59(e). District courts have broad discretion to amend or refuse to amend judgments under Rule 59(e). *See McDowell v. Calderon,* 197 F.3d 1253, 1256 (9th Cir.1999) (citing *Pasatiempo v. Aizawa,* 103 F.3d 796, 801 (9th Cir.1996)); *Safeway Stores v. Fannan,* 308 F.2d 94, 98 (9th Cir.1962) (noting denial of 59(e) motion will only be reversed on "manifest abuse of discretion").

■ Rule 11 requires a reasonable inquiry prior to signature of any pleading, and that the pleading be based on existing law or a nonfrivolous argument for a change in the law. *See* FED. R. CIV. P. 11(b); *Bus. Guides, Inc. v. Chromatic Communications Enter., Inc.,* 498 U.S. 533, 548, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991). District courts have broad discretion to sanction a party or attorney under Rule 11. *See Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 385, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); *Barber v. Miller,* 146 F.3d 707, 709 (9th Cir.1998). Sanctions are appropriate if a claim is not "warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law." *See* FED. R. CIV. P. 11(b)(2); *Barber,* 146 F.3d at 710. The signer's subjective good or bad faith is irrelevant to the Rule 11 analysis, rather an objective reasonableness standard applies. *See Bus. Guides,* 498 U.S. at 548, 111 S.Ct. 922; *In re Keegan Management Co., Securities Litigation,* 78 F.3d 431, 434 (9th Cir.1996).

### III. *ANALYSIS*

Defendants request this Court to make Rule 11 findings on the ground that this

action has been finally adjudicated. 15 U.S.C. § 78u–4(c)(1), enacted as part of the Private Securities Litigation Reform Act (the "PSLRA"), requires the district court to make Rule 11 findings upon a private securities fraud action's final adjudication. Plaintiffs counter that because they are pursuing this case on appeal to the Ninth Circuit, "final adjudication" has not yet occurred such that this Court should not make Rule 11 findings.

## A. FINAL ADJUDICATION

Plaintiffs argue that Rule 11 findings are premature because final adjudication does not occur until all appellate remedies are exhausted. 15 U.S.C. § 78u–4(c)(1) does not define "final adjudication of the action." Despite efforts to locate controlling authority on this issue, neither the parties nor this Court have located a decision arising in the Ninth Circuit which has defined "final adjudication" in the context of the PSLRA.

"In the absence of ... a definition, [courts] construe a statutory term in accordance with its ordinary or natural meaning." *Fed. Deposit Ins. Corp. v. Meyer,* 510 U.S. 471, 476, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). "It is, however, a fundamental principle of statutory construction (and, indeed, of language itself) that the meaning of a word cannot be determined in isolation, but must be drawn from the context in which it is used." *Smith v. United States,* 508 U.S. 223, 241, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993) (Scalia, J., dissenting).

The specific language of the relevant PSLRA provision reads as follows: "upon final adjudication of the action, the court shall include in the record specific findings regarding ... Rule 11(b)[.]" 15 U.S.C. § 78u–4(c)(1). The Court concludes that § 78u–4(c)(1)'s plain meaning clearly reveals that "final adjudication" occurs upon a terminating decision, such as a verdict, summary judgment or dismissal with prejudice without leave to amend. Section 78u–4(c)(1) requires the district court to make Rule 11 findings in the record. Section 78u–4(c)(1)'s very use of the term "record" directly suggests that the proposed Rule 11 findings will be included in the *appellate record* submitted to the Circuit Court of Appeals for appellate review. If Congress actually intended that the district court postpone its Rule 11 determination until after the exhaustion of all appeals, Congress would have stated so explicitly.

The 104th Congress, which enacted the PSLRA, included such explicit guidance in the Antiterrorism and Effective Death Penalty Act's ("AEDPA") modification of 28 U.S.C. § 2244(d)(1)(A). AEDPA's statute of limitations begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). The 104th Congress mandated that "final judgment" under AEDPA follow this special definition: exhaustion of appellate review. Implicitly then, the same Congress did not desire such a special definition for the PSLRA's undefined "final adjudication." Rather, Congress promulgated the PSLRA such that "final adjudication" should be given its plain meaning: the action's final disposition and termination by the district court.

It is only logical that the Circuit Court should have the district court's Rule 11 findings before it on appeal; such findings are often fact intensive and the district court is particularly well-suited to reach Rule 11 issues shortly after the court reaches its final disposition of the matter. A contrary interpretation as proposed by Plaintiffs, while creative, would inevitably postpone Rule 11 findings for years and needlessly lead to yet another appeal after the district court ruled thereon.

The fact that § 78u–4(c)(1) is expressly addressed to the district court further bolsters this Court's conclusion that Rule 11 findings must be entered after the *district court* reaches a final adjudication. The heading of § 78u–4(c)(1) expressly states, "mandatory review by court," and in-

structs the district court that, upon final adjudication, it should make Rule 11 findings. From the district court's perspective, an action is finally adjudicated when the district court case file is closed. At that point, the district court ceases all active involvement in the action unless and until the case file is reopened after subsequent appeal. Although the parties may practically consider adjudication of this matter to be ongoing pending appeal, the express language of the statute addresses its mandate not to the parties, but rather, to the district court.

The Court concludes that the plain meaning of § 78u–4(c)(1) requires this Court to now make Rule 11 findings insofar as a "final adjudication" has already been reached. This statutory interpretation is consistent with that of other district courts outside the Ninth Circuit. *See Polar Intern. Brokerage Corp. v. Reeve*, 120 F.Supp.2d 267, 268 n. 1 (S.D.N.Y.2000) (holding that dismissal with prejudice of action governed by the PSLRA was properly considered a final adjudication); *Inter–County Resources, Inc. v. Medical Resources, Inc.*, 49 F.Supp.2d 682, 684 (S.D.N.Y.1999) (noting that dismissal on the merits is a final adjudication under the PSLRA). By order dated January 26, 2001 this Court unequivocally granted Defendants' motion to dismiss with prejudice and without leave to amend. This Court, having dismissed Plaintiffs' action with prejudice, has further ordered the Clerk of Court to close the district court case file. Giving § 78u–4(c)(1)'s phrase "final adjudication of the action" its plain, ordinary and natural meaning, the Court concludes that "final adjudication" occurs upon the *district court's* termination and final disposition of the underlying action and does not require any additional exhaustion of appellate remedies to render Rule 11 findings. It is therefore appropriate for this Court to make Rule 11 findings at this time.

### B. *RULE 11 FINDINGS*

Defendants contend that Plaintiffs have violated Rule 11 and offer to provide additional briefing should this Court be inclined to impose sanctions. Both parties and this Court are very familiar with the pleadings filed in this action. The Court does not require additional briefing, as the record clearly establishes that Plaintiffs' prosecution of this action was reasonable and made in good faith.

█ Rule 11 sanctions should be granted where a filing is frivolous. A frivolous filing is both (1) baseless and (2) made without a reasonable and competent inquiry. *See Keegan*, 78 F.3d at 434. Alternatively, sanctions should be granted where a filing has an improper purpose. *See Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir.1990). Rule 11 sanctions should not be granted lightly, however. Even manipulative pleadings which are neither frivolous nor improper are not always subject to Rule 11 sanctions. *See Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 491 (9th Cir.1995).

█ Plaintiffs' pleadings in this case were neither frivolous nor motivated by an improper purpose. The Court finds that all of Plaintiffs's pleadings (1) had bases in fact and nonfrivolous legal argument, (2) were the product of extensive and well developed inquiry which far surpassed Rule 11's reasonable and competent standard and (3) were supported by proper motives. Specifically, Plaintiffs conducted significant factual research and presented reasonable, if not always persuasive legal arguments. Plaintiffs' three Complaints (the original and two amended) all alleged detailed facts supported by a wide variety of well pled allegations. Even though Plaintiffs' pleadings ultimately failed to survive the PSLRA's heightened pleading requirements, they nonetheless established a nonfrivolous suspicion of fraud.

Additionally, the Court finds that Plaintiffs initiated this action for the purpose of correcting what they reasonably, though erroneously, perceived to be a legally redressable harm under federal securities law. All subsequent pleadings were properly motivated endeavors to advance this

action through the pleading stage and were supported by reasonable inquiry and fact. Accordingly, the Court finds that Plaintiffs have complied with all requirements promulgated by Rule 11.[1] Sanctions are therefore inappropriate and will not be imposed upon either party.

## IV. CONCLUSION AND ORDER

In light of the foregoing, the Court **DENIES** Defendants' *ex parte* application to amend the judgment. The Court's judgment dated January 26, 2001 shall remain undisturbed.

**IT IS SO ORDERED.**

---

1. Pursuant to 15 U.S.C. § 78u–4(c)(1) the Court additionally finds that Defendants have complied with Rule 11 insofar that Defendants' pleadings (1) had bases in law and fact, (2) were the result of reasonable inquiry and (3) were properly motivated.