**Mordechai GURARY, Plaintiff,**

v.

**Isaac WINEHOUSE d/b/a Wall & Broad Equities and Nu–Tech Bio–Med, Inc., Defendants.**

**No. 97 Civ. 3803(LLS).**

United States District Court, S.D. New York.

Aug. 1, 2001.

Jaroslawicz & Jaros, New York City, David Jaroslawicz, Robert J. Tolchin, of counsel, for Plaintiff.

Rosenman & Colin LLP, New York City, Martin E. Karlinsky, of counsel, for Defendants.

## OPINION and ORDER

STANTON, District Judge.

This case is here on remand from the United States Court of Appeals for the Second Circuit, which affirmed the dismissal of Mr. Gurary's federal complaint alleging securities market manipulation in violation of section 10(b) of the Securities Exchange Act of 1934 and the SEC's Rule 10b–5, *Gurary v. Winehouse,* 190 F.3d 37 (2d Cir.1999) (*Gurary I* ), and directed the imposition of sanctions with respect to claims predicated on his first two purchases, but not with respect to his remaining two purchases, *id.* 235 F.3d 792 (2d Cir.2000) (*Gurary II* ). Familiarity with those opinions is assumed.

Mr. Gurary claimed that the value of Nu–Tech shares he had purchased was depressed by a short-selling conspiracy initiated by the defendant Winehouse, and tolerated or concealed by the defendant Nu–Tech. However, his four purchases failed to support his federal securities-law claim: the first took place before the market manipulation began, the second (being at a lower price than the fair value of the stock, because of the artificial depression of the price) failed to present a cognizable damage claim, and he did not plead that Nu–Tech's chairman Feigenbaum was lying when, before Gurary made the final two purchases, Feigenbaum told him that he could and would compel Winehouse to stop the short sales. Thus, the summary dismissal of his claim was affirmed. *Gurary I,* 190 F.3d 37.

With respect to sanctions, *Gurary II* held that no colorable argument could be made for a change in existing law which would justify the claims based on the first two transactions, and accordingly, sanc-

tions must be imposed. However, since Gurary might possibly have made out a fraud claim with respect to the final two purchases, the Court of Appeals held that claims predicated on them were not sanctionable. *Gurary II*, 235 F.3d 792. It remanded for "the district court to determine appropriate sanctions pursuant to 15 U.S.C. § 78u–4(c)(3)(A)—(C)." *Id.* at 800.

The substantial failure of Gurary's complaint to comply with Fed.R.Civ.P. 11(b) invoked the presumption required by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u–4(c)(3)(A), which provides that

> ... the court shall adopt a presumption that the appropriate sanction—
>
>> (i) ...
>>
>> (ii) for substantial failure of any complaint to comply with any requirement of Rule 11(b) of the Federal Rules of Civil Procedure is an award to the opposing party of the reasonable attorneys' fees and other expenses incurred in the action.
>
> (B) *Rebuttal Evidence.* The presumption described in subparagraph (A) may be rebutted only upon proof by the party or attorney against whom sanctions are to be imposed that—
>
>> (i) the award of attorneys' fees and other expenses will impose an unreasonable burden on that party or attorney and would be unjust, and the failure to make such an award would not impose a greater burden on the party in whose favor sanctions are to be imposed; or
>>
>> (ii) the violation of Rule 11(b) of the Federal Rules of Civil Procedure was *de minimis.*
>
> (C) *Sanctions.*—If the party or attorney against whom sanctions are to be im-

posed meets its burden under subparagraph (B), the court shall award the sanctions that the court deems appropriate pursuant to Rule 11 of the Federal Rules of Civil Procedure.

Thus when the failure to comply with Rule 11 is substantial, the whole costs and attorneys' fees of the adversary are awarded as the sanction, unless plaintiff's attorney [1] proves that the burden on him will be unreasonable and unjust, or that the violation was *de minimis.*

■ This represents a change from the general law concerning sanctions, and the creation by Congress of a special rule "strengthening the application of Rule 11 of the Federal Rules of Civil Procedure in private securities actions" (H.R. Conf. Rep. No. 104–369, p. 39 (Nov. 28, 1994)) in light of Congress' perception that courts often failed to impose sanctions when they were warranted, and that even when sanctions were awarded—

> ... they are generally insufficient to make whole the victim of a Rule 11 violation: the amount of the sanction is limited to an amount that the court deems sufficient to deter repetition of the sanctioned conduct, rather than imposing a sanction that equals the costs imposed on the victim by the violation. Finally, courts have been unable to apply Rule 11 to the complaint in such a way that the victim of the ensuing lawsuit is compensated for all attorneys' fees and costs incurred in the entire action.

*Id.*

As stated in *Simon DeBartolo Group v. Richard E. Jacobs Group*, 186 F.3d 157, 166–167 (2d Cir.1999), a federal securities action is no longer an ordinary case for sanctions:

---

1. The Court of Appeals found (235 F.3d at 800, fn. 8) that sanctions should only be imposed against Gurary's counsel, not against Gurary himself.

Ordinarily, courts are under no particular obligation to make findings with regard to the compliance of litigants and their counsel with Rule 11 or to impose sanctions once a violation is found. *See* Fed.R.Civ.P. 11(c)(1). This is no longer the case, however, in the securities litigation context. Recognizing what it termed "the need to reduce significantly the filing of meritless securities lawsuits without hindering the ability of victims of fraud to pursue legitimate claims," and commenting that the "[e]xisting Rule 11 has not deterred abusive securities litigation," the 104th Congress included in the Private Securities Litigation Reform Act of 1995 ("PSLRA") a measure intended to put "teeth" in Rule 11. H.R.Conf. Rep. No. 104–369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730. In relevant part, the PSLRA added Section 21D(c) to the Securities Exchange Act of 1934 ("Exchange Act"), requiring courts, at the conclusion of all private actions arising under the Exchange Act, to make specific findings as to the compliance by all parties and attorneys with Fed.R.Civ.P. 11(b). *See* 15 U.S.C. § 78u–4(c)(1). Section 21D(c) requires also that the court impose sanctions if it determines the rule has been violated, and adopts a rebuttable presumption that the appropriate sanction for a complaint that substantially fails to comply with Rule 11(b) "is an award to the opposing party of the reasonable attorneys' fees and other expenses incurred in the action ." 15 U.S.C. § 78u–4(c)(3)(A)(ii). The PSLRA thus does not in any way purport to alter the substantive standards for finding a violation of Rule 11, but functions merely to reduce courts' discretion in choosing whether to conduct the Rule 11 inquiry at all and whether and how to sanction a party once a violation is found.

In *DeBartolo*, the Court of Appeals held that the district court was required to impose sanctions with respect to DeBartolo's claim under SEC Rule 10b–13, but not for the claim under Rule 10b–5. *Id.* at 168–176. Expressing doubt whether "when a *single claim* in an action is frivolous, the proper sanction is reasonable attorneys' fees and other expenses incurred in the *entire action*" (*id.* at 178) (emphasis in original), it remanded for the district court to determine whether the complaint represented "a substantial failure" to comply with Rule 11. If it did not, the statute's rebuttable presumption in favor of attorney's fees would be inapplicable. *Id.*

In *Inter–County Resources, Inc. v. Medical Resources, Inc.*, 49 F.Supp.2d 682 (S.D.N.Y.1999), the court determined that a frivolous 10b–5 claim required sanctions and invoked the presumptive award of the opposing party's attorneys' fees (*Id.* at 685), but found that plaintiff's counsel had rebutted the presumption by showing that such an award would be unjust and impose an unreasonable burden on her, since her four other claims were not so patently defective and might have required defense in federal court. Accordingly, the court imposed sanctions of approximately one fifth of the total expenses incurred (*id.* at 686).

In a more complex situation, *Polar Int'l Brokerage Corp. v. Reeve*, 196 F.R.D. 13 (S.D.N.Y.2000), *on reconsideration*, 120 F.Supp.2d 267 (S.D.N.Y.2000), *aff'd*, 258 F.3d 86 (2d Cir.2001), involving five claims and two firms of counsel for plaintiff, the court discounted the award of attorneys' fees and expenses by 20% because one of the five claims was colorable. 196 F.R.D. at 19.

None of those cases requires, and no party has brought to our attention any case construing the statute as requiring, a plaintiff who has stated a potentially non-

frivolous claim to reimburse the whole of his adversary's costs and attorneys' fees. Indeed, to impose the whole costs of the case on such a plaintiff would in the statutory language "impose an unreasonable burden on that party or attorney and would be unjust, and the failure to make such an award would not impose a greater burden on the party in whose favor sanctions are to be imposed...."

In *DeBartolo,* the district court had held that both of plaintiff's two claims, one under the SEC's Rule 10b–5 and the other under its Rule 10b–13, were frivolous and imposed sanctions totalling $100,000. 985 F.Supp. 427 (S.D.N.Y.1997). The Court of Appeals affirmed as to the 10b–13 claim, but reversed as to the 10b–5 claim, holding it non-frivolous, 186 F.3d at 174–78. Since one of the two claims was non-sanctionable, the Court of Appeals recommended reduction of the amount of monetary sanctions (*id.* at 178):

> If the district court decides that monetary sanctions are still warranted, we note our understanding that the proper level of an award for the firm's assertion of a frivolous claim is likely to be substantially less than was the level of sanctions the court actually awarded on the basis of what we now hold to be its mistaken conclusion that the action was frivolous in its entirety.

In the instant case, reducing Nu–Tech's total costs and fees by half is particularly appropriate since the Court of Appeals concluded, as to two of plaintiff's four purchases:

> that Gurary's failure to sufficiently plead the necessary elements of a cognizable 10b–5 claim does not warrant sanctions under the PSLRA in this instance because the district court could have, within its broad discretion, afforded Gurary leave to amend his complaint, which

would have resulted in a cognizable 10b–5 claim.

235 F.3d 792, 801.

■ With respect to the amount of sanctions, even removing all unrelated or duplicative time charges and resolving against Nu–Tech all reservations expressed by plaintiff, Nu–Tech expended $125,112.57 in defending this case and obtaining sanctions, including two full appeals in the Court of Appeals. Half of that sum is $62,556.28, which is a reasonable and just amount of sanctions to impose under the circumstances and in conformity with law.

■ Plaintiff's counsel's arguments to the contrary are unacceptable. His assertion that the violation was *de minimis* because defense of the "non-frivolous" claim would be necessary anyway would turn the statute and the Court of Appeals decision on their heads. As the Court of Appeals made clear, the violation was substantial. His argument that his adversary should have maintained separate time records for the work on each of the four purchases is absurd: Nu–Tech's counsel was defending a single securities-law claim, and had no need to allocate separately the work on each element on which the claim foundered. His suggestion that a ratio be struck between the frivolous and non-frivolous elements by counting the number of pages in the briefs devoted to each disregards the statutory presumption that all costs and fees are awarded, unless the violation is found to be *de minimis* or such an award is shown to be unreasonable and unjust. Finally, although he says his is a small law firm and he is ill, he offers no facts concerning his financial position, income, expenses, assets or liabilities, profits or losses, medical expenses, or the like.

494

## Conclusion

David Jaroslawicz, Esq. and Jaroslawicz & Jaros, 150 William Street, New York, New York, jointly and severally, shall promptly pay the sum of $62,556.28 to defendant Nu–Tech Bio–Med, Inc., now known as United Diagnostic, Inc. If submitted, a judgment to that effect may be entered, with execution to issue thereon according to law.

So ordered.