**John J. GORMAN, et al., Plaintiffs**

v.

**William COOGAN, et al., Defendants**

**No. CIV.03–173–PP–H.**

United States District Court,
D. Maine.

June 9, 2004.

Richard A. Goren, Sean T. Carnathan, Rubin, Hay & Gould, P.C., Framingham, MA, Joseph H. Groff, III, Brendan P. Rielly, Jensen, Baird, Gardner & Henry, Portland, ME, for John J Gorman, Individ-

ually And Derivatively On Behalf Of Firstmark Corporation, Kurt J Rechner, Individually And Derivatively On Behalf Of Firstmark Corporation, Phil A Whitney, Individually And On Behalf Of All Others Similarly Situated And Derivatively On Behalf Of Firstmark Corporation, Karin Whitney, Individually And On Behalf Of All Others Similarly Situated And Derivatively On Behalf Of Firstmark Corporation, Plaintiffs.

Jerrol A. Crouter, Drummond, Woodsum & MacMahon, Dylan Smith, Jacqueline Rider, James T. Kilbreth, Verrill & Dana, Portland, ME, for H. William Coogan, Jr., Susan C. Coogan, Donald V. Cruikshanks, R. Brian Ball, Robert R. Kaplan, Sr., John T. Wyand, John McCown, Firstmark Corporation, Defendants.

## ORDER ON DEFENDANTS' MOTION FOR SANCTIONS

HORNBY, District Judge.

Can I or should I have a Magistrate Judge conduct a hearing on a motion for sanctions? In this lawsuit over control of a corporation, certain shareholder plaintiffs asserted a variety of federal securities law claims against other shareholders, directors and the company's chief executive officer. They also asserted pendent state law claims concerning alleged violations of the Maine Business Corporations Act and corporate mismanagement. At the time they filed their Complaint, the plaintiffs sought an *ex parte* temporary restraining order. I granted their motion in limited fashion. Specifically, I enjoined the defendant corporation from paying the legal fees of the individual defendants. After an expedited hearing, however, I vacated that temporary restraining order and denied the plaintiffs' motion for a preliminary injunction. The defendants next filed motions to dismiss. The Magistrate Judge wrote a Report and Recommended Decision recommending that the complaint be dismissed. The plaintiffs objected to his Recommended Decision but, after *de novo* review, I affirmed it. The defendants then brought a motion for sanctions under Fed. R.Civ.P. 11.[1] The Clerk, however, proceeded to enter judgment for the defendants without waiting for a ruling on the sanctions motion. Under the Private Securities Litigation Reform Act (PSLRA), "upon final adjudication of the action, the court shall include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion." 15 U.S.C. § 78u–4(c)(1). The defendants promptly filed a Motion to Alter or Amend Judgment, pointing out the PSLRA's requirement. The plaintiffs agree that the court is obliged to rule on the motion for sanctions and make the findings the PSLRA calls for. They disagree with the defendants' contention that they violated Rule 11. I referred the sanctions dispute to the Magistrate Judge for a ruling. The plaintiffs have objected to the referral.

The plaintiffs object to the role of the Magistrate Judge in part because this controversy over sanctions is a "post judgment" dispute. Putting aside the abundant caselaw that allows magistrate judges to make recommended decisions even on post judgment disputes, *e.g.*, *McLeod, Alexander, Powel & Apffel v. Quarles*, 925 F.2d 853, 856 (5th Cir.1991), this dispute is

---

1. The plaintiffs agree that the defendants had served the motion on them several months earlier to afford them the safe harbor provision of Rule 11(c), but the plaintiffs did not withdraw their complaint.

"post judgment" only technically, because of the clerical error in entering judgment prematurely, before the motion for sanctions had been decided. Both parties agree that final judgment should not have been entered while the motion was pending. I am satisfied that a Magistrate Judge has the authority to hear the motion for sanctions in this context, as I asked Magistrate Judge Cohen to do.[2] Had the sanctions motion been pending when Magistrate Judge Cohen issued his Report and Recommended Decision on the motion for summary judgment, he clearly could have included a ruling on sanctions at the same time. Such authority is afforded by 28 U.S.C. § 636(b)(1) or § 636(b)(3).[3] The timing of the motion does not remove that authority. Moreover, the fact that the PSLRA assigns the responsibility to "the court" does not change my conclusion. The term "court" is routinely defined in the federal statutes as including magistrate judges. *See, e.g.,* 18 U.S.C. § 3127(2).

That could be the end of the matter. But the plaintiffs have raised such a number of objections to the Magistrate Judge's role that it is tempting in some respects for me simply to take the case over, since it is apparent that whatever he does will prompt further objections. I decline to do so. That would be an unfortunate message to the Bar. But I do address the objections they have raised. What provoked their unhappiness is a Notice of Hearing that the Magistrate Judge entered on May 4, 2004, alerting the parties to the issues on which he would entertain evidence and argument. Perhaps he was

not required to issue the Notice of Hearing, since the appellate caselaw tends to uphold the district courts' decisions on sanctions even where no hearing has been held. *Contract Materials Processing, Inc. v. Kataleuna GmbH Catalysts,* 222 F.Supp.2d 733, 742–43 (D.Md.2002) (summarizing Fourth Circuit caselaw); *Bryer v. Creati,* 1990 WL 151359 (1st Cir.1990) (unpublished). But there is dictum that a hearing is advisable, *In re Kunstler,* 914 F.2d 505, 522 (4th Cir.1990), and the Magistrate Judge took the prudent course in noticing a hearing and identifying the issues of concern. That is especially the case, since a district judge will be reviewing his decision and the Magistrate Judge is not yet certain whether review will be *de novo.* Notice of Hearing at 4 (Docket Item 76). That procedure gives the plaintiffs full opportunity to prepare their opposition to sanctions and to know where to marshal their resources, an opportunity they would lack if the Magistrate Judge had called a hearing without identifying the issues of concern or had ruled on the motion with no hearing at all.

The plaintiffs object particularly to several aspects of the Notice. First, the Magistrate Judge says in the Notice: "I have determined that [one identified plaintiff and two identified lawyers] may have violated Rule 11(b) in certain respects enumerated below." He then invites a response on those and other issues. The plaintiffs conclude that he has already reached his decision and that he is wrong. I disagree. His statements reasonably can be interpreted only as meaning that the record presented so far *suggests* such a

---

**2.** The designation of the Magistrate Judge that the plaintiffs say is missing occurs both through Local Rule 72(c) and through the ECF docket text following docket item 74, where it is noted that on March 31, 2004, "Motion for Sanctions Referred to Magistrate Judge David M. Cohen".

**3.** I observe also that Rule 54(d)(2)(D) explicitly contemplates magistrate judges hearing attorney fee motions, although the procedures laid out there are not for Rules violation attorney fees, such as Rule 11 involves.

conclusion and that therefore the parties and their lawyers need to address each of those respects both factually and legally. Giving notice of what the paper record suggests, then hearing the parties' argument about it, is calculated to promote fairness in the process, not remove it. Now the parties know where to focus their attention in preparation for the hearing.

■ The plaintiffs also object that the Magistrate Judge has raised a possible violation of Rule 11(b)(1) (the "improper purpose" provision). They say that the defendants have not raised this challenge and the Magistrate Judge should not do so.[4] In fact, the defendants did raise the issue. Their opening memorandum said that it was not their "primary" argument, but did not exclude it. Defs.' Mot. for Sanctions at 7 (Docket Item 69). After the plaintiffs' response, the defendants' reply memorandum elaborated on why improper purpose should be considered. Defs.' (1) Reply to Pls.' Opp'n to Defs.' Mot. for Sanctions and (2) Request for Oral Argument at 2–4 (Docket Item 74). More importantly, the court's obligation to conduct a review under the PSLRA is not limited to what the parties raise. The court has the obligation to consider all the portions of the Rule on its own motion. (Indeed, this obligation extends to any complaint, responsive pleading or dispositive motion. Thus, even though the plaintiffs have not challenged the defendants' conduct, the court will have to make a finding whether the motion to dismiss was in compliance with Rule 11 as well.)

The plaintiffs say that this hearing has raised conflict of interest issues between lawyer and client that have necessitated the hiring of new counsel for both. They say that it will also raise difficult issues of attorney client privilege, attorney work product and strategy that may prejudice their case in the future if the court of appeals should reverse the dismissal and allow the case to proceed. That may be so; I cannot tell because I do not know what they will divulge in responding to the Notice of Hearing. That might be an argument for interpreting the statutory term "final adjudication" to mean *after* an unsuccessful appeal or a failure to appeal.[5] There is one unpublished Tenth Circuit decision permitting such a procedure, *Bondiett v. Novell, Inc.*, 1998 WL 166243 (10th Cir.1998), but the Second Circuit and certain district courts have held that the dispositive order dismissing the case or granting summary judgment must deal with the sanctions issue. *See, e.g., Gurary v. Winehouse*, 190 F.3d 37, 47 (2d Cir. 1999); *DeMarco v. Depotech Corp.*, 131 F.Supp.2d 1185, 1187–88 (S.D.Cal.2001); *In re Merrill Lynch Tyco Research Securities Litigation*, 2004 WL 305809, at *5 (S.D.N.Y.2004); *Polar International Bro-*

---

4. I express no view of the interplay between the safe harbor provisions of Rule 11 and the mandatory nature of the PSLRA, if it turns out that the defendants did not raise the improper purpose issue in their earlier safe harbor service.

5. After *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), some courts, such as this one, have written their local rules to delay submission of motions for attorney fees until the appeals process is complete. *See* Local Rule 54.2. The reason there is not so much because of attorney client privilege or work product issues (although they could be at stake in some aspects of the detailed time records) but because of the wasted effort if a trial court spends a lot of time evaluating attorney time and fees only to have the court of appeals reverse the merits of the appeal and thereby make no fees recoverable. There is a comparable concern about unnecessary effort in ruling on sanctions motions where they are premised upon assertions that pleadings are frivolous. If the appellate court reverses on the merits, the argument of frivolousness obviously disappears.

*kerage Corp. v. Reeve,* 120 F.Supp.2d 267, 268 n. 1 (S.D.N.Y.2000). The First Circuit has not ruled on the topic. In any event, the plaintiffs have not argued that they plan to appeal or that hearing on the motion for sanctions should be deferred pending the appeal.

The plaintiffs also say that there should be no hearing at all, or at least not of the scope detailed in the Notice of Hearing. Obviously they mean that the court should rule in their favor without a hearing, not in the defendant's favor. But the plaintiffs are free to waive the hearing. It is, after all, for their benefit. Whether that is strategically advisable only they can determine.

The plaintiffs maintain that if I do not withdraw the reference altogether, I should conduct a *de novo* review of the topics selected in the Magistrate Judge's Notice of Hearing before allowing the hearing to proceed.[6] They proceed to argue that there is no basis for each of the proposed topics and that they should therefore not be required to proceed to hearing. In doing so, they argue the merits of their complaint and of their opposition to the motion for sanctions. I do not propose to rule on those issues now.[7] Those are arguments to present to the Magistrate Judge and I will consider them upon review of the Magistrate Judge's decision.

Finally, the plaintiffs complain that the Notice of Hearing did not give them sufficient time to prepare for a hearing of such scope. Obviously the hearing has been de-layed during my review, and I am confident that in rescheduling deadlines, the Magistrate Judge will give a reasonable time period for preparation.

I therefore continue in effect the referral of the sanctions motion to Magistrate Judge Cohen and request that he carry out the mandate of the PSLRA as to "each party and each attorney ... with each requirement of Rule 11(b) ... as to any complaint, responsive pleading, or dispositive motion." Section 78u–4(c)(1). I conclude that my own review of whether sanctions should be imposed will only be improved by the procedure the Magistrate Judge has undertaken, and that I should let it take its course. Contrary to the plaintiffs' implications, I am satisfied that Judge Cohen thoroughly understands the difference between advancing what turns out to be a losing argument and advancing what is a frivolous argument and that he understands what Rule 11 means by improper purpose.

It is unnecessary to decide at this time whether my review of the Magistrate Judge's ruling will be *de novo* or under the clearly erroneous standard. *See* § 636(b)(1); Fed.R.Civ.P. 72; Rule 54(d)(2)(D) (treating attorney fee motions as a dispositive matter); *Lancellotti v. Fay,* 909 F.2d 15, 17 n. 2 (1990) ("We intimate no view, therefore, on whether Rule 11 sanctions ordered by a magistrate are properly characterizable as 'dispositive' or 'nondispositive' within the meaning of 28 U.S.C. § 636 and Rule 72."). I do note the defendants' recognition that "[o]n

---

6. The heart of the plaintiffs' objection is that they are compelled to go through this "broad ranging investigation under Rule 11." But the PSLRA mandates that a court make Rule 11 findings. The First Circuit has reversed denials of sanctions. *Lancellotti v. Fay,* 909 F.2d 15 (1st Cir.1990). The proposed hearing is fair, albeit unappealing to those who have been challenged. I am not about to create new rules as to what a hearing notice must or must not contain before a court can conduct its mandatory review.

7. *Silva v. Witschen,* 19 F.3d 725, 731 (1st Cir.1994) (a challenge to the holding of a hearing is frivolous).

balance, the weight of authority probably favors a recommended decision by the Magistrate Judge followed by *de novo* review—particularly given that the PSLRA requires Rule 11 findings to be included in the judgment." Defs.' Response and Objection to Pls.' Objection and Mot. for Recons. of Notice of Hr'g and Mot. to Stay Proceedings Under the Notice at 4 n. 1 (Docket Item 90).

So ORDERED.