**In re CHARTER COMMUNICATIONS, INC., SECURITIES LITIGATION.**

**Stoneridge Investment Partners, LLS, Plaintiff–Appellant,**

v.

**Scientific–Atlanta, Inc; Motorola, Inc., Defendants–Appellees.**

No. 05–1974.

United States Court of Appeals, Eighth Circuit.

Submitted: Feb. 28, 2008.

Filed: March 3, 2008.

Before LOKEN, Chief Judge,
WOLLMAN and RILEY, Circuit Judges.

## ORDER

In this securities fraud class action, the district court dismissed the claims against defendants Scientific–Atlanta, Inc., and Motorola, Inc., and entered a separate final judgment in their favor pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Plaintiff appealed. We affirmed. *In re Charter Communications, Inc., Sec. Litig.*, 443 F.3d 987 (8th Cir. 2006). The Supreme Court granted plaintiff's petition for a writ of certiorari, affirmed this court's decision on the merits, and remanded for further proceedings consistent with its opinion. *Stoneridge Inv. Partners, LLC v. Scientific–Atlanta, Inc.*, — U.S. —, 128 S.Ct. 761, 169 L.Ed.2d 627 (2008).

A subsection of the Private Securities Litigation Reform Act of 1995 (PSLRA) provides that, "upon final adjudication" of a private securities action, "the court shall include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion." 15 U.S.C. § 78u–4(c)(1). In this case, no party raised a Rule 11(b) issue in the district court, either before or after entry of its Rule 54(b) final judgment; the record does not include the required Rule 11(b) findings by the court; and no party raised the issue on appeal. Following issuance of the Supreme Court's mandate, counsel for Scientific–Atlanta and Motorola advised this court that their clients "hereby waive all rights in this case to assert, that Plaintiff–Appellant did not comply with Fed.R.Civ.P. 11(b)" and urged that we enter a final judgment of dismissal.

Because the statute does not state that the required findings must be part of the judgment, and because Rule 11 issues are often decided after final judgment, the absence of the required findings did not affect either the appealability or the validity of the district court's Rule 54(b) final judgment. *See Bondiett v. Novell, Inc.*, 141 F.3d 1184 (table), 1998 WL 166243, at *1 (10th Cir.1998). When Rule 11(b) issues have been raised in cross appeals by prevailing parties in actions to which the PSLRA applied, the few reported cases differ as to whether the absence of the statutory findings required a remand, or whether the court of appeals could decide the Rule 11(b) issue despite the absence of district court findings. *Compare Rombach v. Chang*, 355 F.3d 164, 178 (2d Cir.2004), *with Dellastatious v. Williams*, 242 F.3d 191, 197 n. 5 (4th Cir.2001). However, neither a Rule 11(b) nor a § 78u–4(c) issue was raised in this case. Although Congress in the PSLRA clearly intended to reduce judicial discretion to ignore or not sanction Rule 11(b) violations, we conclude that the Rule 11(b) issue may still be waived on appeal, either when it is not timely raised by any party or when, as here, it is affirmatively waived by the parties who prevailed in the district court. Indeed, a broader reading of § 78u–4(c) might raise issues under Article III, Section 2, of the Constitution, which limits our judicial power to "Cases" and "Controversies."

For these reasons, we direct that this court's mandate affirming the final judgment of the district court dated February 15, 2005, be reissued forthwith.

## MANDATE

In accordance with the court's order of 03/03/2008, the formal mandate is hereby issued in the above-styled matter.